UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY BEALE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:12-cv-3055-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  The parties' cross-motions for summary judgment are pending.  For the reasons discussed below, the court grants the Commissioner's motion and denies plaintiff's motion.

I.　　BACKGROUND

Plaintiff protectively filed for a period of disability and DIB on May 12, 2010, alleging that he had been disabled since February 28, 2010.  Administrative Record ("AR") 144.  In July 2010, plaintiff amended his application to allege a disability onset date of September 30, 2009.  AR 148-49.  Plaintiff's application was initially denied on August 24, 2010, and upon reconsideration on December 16, 2010.  *Id.* at 68-74, 77-81.  On April 27, 2011, a hearing was

1

held before administrative law judge ("ALJ") David Blume. *Id.* at 23-67. Plaintiff was represented by counsel at the hearing, at which he, a Medical Expert, and a Vocational Expert testified. *Id.*

On June 17, 2011, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 11-18. The ALJ made the following specific findings:

1. The claimant last met the insured status requirement of the Social Security Act on September 30, 2009.

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 30, 2009, or shortly before then, through his date last insured of September 30, 2009 (20 CFR 404.1571 *et seq.*).

\* \* \*

3. Through the date last insured, the claimant had the following severe impairments: COPD and recurrent lumbar tumor (20 CFR 404.1520(c)).

\* \* \*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally perform postural activities but no climbing ladders, ropes, or scaffolds, no crawling, and no concentrated exposure to fumes, gas or dust.

\* \* \*

6. Through the date last insured, the claimant was capable of performing past relevant work as a data entry clerk, DOT 203,582-054, SVP 4, sedentary. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 30, 2009, the alleged onset date, through September 30, 2009, the date last insured (20 CFR 404.1520(f)).

*Id.* at 11-18.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 7, and on October 23, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.[2]

/////

---

[2] The Appeals Council did, however, expand the record with additional evidence. *Id.* at 5.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in rejecting the opinions of his treating physicians, Drs. Booker and Korman. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a

treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (*e.g.,* supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Here, the ALJ rejected the opinions of Drs. Booker and Korman and gave "great weight" to the testimony of the Medical Expert. AR 16, 17. Plaintiff argues that the Medical Expert relied on the same evidence as the treating physicians, but inexplicably came to a different conclusion. According to plaintiff, the ALJ failed to explain his preference for the Medical Expert's opinion through "specific and legitimate reasons supported by substantial evidence." ECF No. 13 at 8. The court disagrees.

The ALJ explained that the Medical Expert had "reviewed the entire record" and that his opinion "was consistent with the objective findings." AR 17. Apart from their reference to an "abnormal pulmonary function test," which was not included in the record, there is no indication on the forms filled out by Drs. Booker and Korman that they reviewed plaintiff's medical chart before reaching their opinions. *Id.* at 335-337, 488-490; *see also id.* at 66-67 (ALJ inviting counsel to submit pulmonary function testing results); *id.* at 5 (Appeals Council record reflecting no such submission).

The Medical Expert discussed numerous medical records at the hearing, and explained that his evaluation was based "first and foremost" on the medical chart. *Id.* at 55. The Medical Expert testified that plaintiff had hepatitis C, allegedly due to intravenous drug use, and histories of COPD and drug abuse. *Id.* at 42. The Medical Expert opined that the hepatitis was not disabling at the time of the hearing, and that plaintiff did not meet the listings for disorders of the spine, due to benign tumor or COPD. *Id.* at 42-46. The ALJ properly gave great weight to the

Medical Expert's testimony because he had reviewed the entire record, and his opinion was consistent with the objective findings in plaintiff's medical chart. *See Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may [ ] serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Dr. Booker examined plaintiff on September 28, 2010. AR 337. He diagnosed plaintiff with COPD and a spinal court lesion, with an onset date of 2007. *Id.* at 335. He concluded that plaintiff could stand, walk, and sit less for less than one hour in an eight-hour workday. *Id.* He based his conclusions on an abnormal pulmonary function test, which apparently revealed "severe air flow restriction." *Id.*

Dr. Korman examined plaintiff on May 4, 2011. *Id.* at 490. He also diagnosed plaintiff with COPD with an onset of 2007. *Id.* at 488. His assessment was also based on the abnormal pulmonary function test. *Id.* He concluded that plaintiff was unable to work because of his COPD. *Id.* at 489.

The ALJ assigned "little weight" to these opinions. *Id.* at 16. While the opinion of treating professionals is generally accorded superior weight, when as is the case here, it is contradicted by a supported examining professional's opinion (*e.g.,* supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews*, 53 F.3d at 1041. In doing so, the ALJ must set forth "specific and legitimate" reasons, that are supported by substantial evidence. *Lester*, 81 F.3d at 830. He has done so here.

The ALJ explained that the opinions of Drs. Booker and Korman postdated plaintiff's alleged onset date and date last insured, September 30, 2009, by more than a year and more than a year and a half, respectively. *Id.* The ALJ also noted that the objective medical findings before September 30, 2009, were mild. *See id.* at 15 (summarizing plaintiff's 2009 medical records, and noting that during this time, plaintiff "did not specify any specific complaints," his "respiratory status had markedly improved," and there was "no evidence of the use of any medications designed to treat physical problems"). In addition, the ALJ pointed to plaintiff's own testimony, that in 2009, his most significant medical problem was his benign tumor, not respiratory

6

problems. *Id.* at 16.  The ALJ found that this testimony was inconsistent with Drs. Booker and Korman's principal diagnosis of COPD.  For these reasons, the ALJ properly rejected the opinions of Drs. Booker and Korman.  *See Lester*, 81 F.3d at 831 (ALJ can reject a physician's opinion that is "in conflict with testimony from the claimant himself and with medical reports contained in the record" (discussing *Andrews v. Shalala*, 53 F.3d 1035 (9th Cir. 1995)); *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989) (ALJ properly rejected treating physician's opinion when it was not supported by objective medical findings pertaining to the relevant period of time).  For these reasons, the ALJ properly discounted the opinions of Drs. Booker and Korman and the court finds no error.

IV.  CONCLUSION

The ALJ applied the proper legal standards and supported his decision with substantial evidence.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 19, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE